**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| MATHERS FAMILY TRUST, by | § | |
| William M. Mathers, Trustee, *et al.* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 3:13-CV-1035-M |
| CHARLES REED CAGLE, an | § | |
| Individual, *et al.* | § | |
| | § | |
| Defendants. | § | |

---

**MEMORANDUM OPINION AND ORDER**

---

Before the Court is the Motion to Dismiss under Rule 12(b)(6), filed by Defendants Charles Reed Cagle, HEI Resources Inc., Heartland Energy and Reed Petroleum LLC (collectively "Defendants") [Docket Entry #12], joined by Defendants John Schiffner [Docket Entry #26], Steve Ziemke [Docket Entry #36] and Brandon Davis [Docket Entry #40].

Defendant Joel Held filed a nearly identical Motion to Dismiss under Rule 12(b)(6) [Docket Entry #13]. Plaintiffs filed a consolidated Response to both Motions [Docket Entry #42] and Defendants filed a consolidated Reply [Docket Entry #50].  Because both Motions raised identical issues of law, this Order rules on them both.

Both Motions to Dismiss assert that all of Plaintiffs' twenty-one claims have expired due to the relevant statutes of limitation. The parties appeared before the Court at a hearing on June 26, 2013. For the reasons set forth below, Defendants' Motions to Dismiss under Rule 12(b)(6) are **GRANTED**.[1]

---

[1] This resolves Docket Entry Nos. 12 and 13.

## I. BACKGROUND

A.  Complaint

Plaintiffs' Amended Complaint alleges numerous causes of action arising out of their investment in certain oil and gas joint ventures in 2004 and 2005. [Docket Entry #41]. This Order resolves whether Plaintiffs' claims were tolled when they filed suit in a Colorado state court, intentionally ignoring a contractual forum selection clause mandating suit in Dallas, Texas.

B.  Procedural History

Plaintiffs, residents of Vermont, California, and Illinois, all bought shares in joint ventures from Defendant HEI Resources, Inc. HEI was incorporated in Texas and based in Colorado. Each Plaintiff signed an Application Agreement and a Joint Venture Agreement, both of which contained a forum selection clause designating Dallas County, Texas, as the only forum for any lawsuit resulting from the Agreement, and a choice of law clause stating that Texas law applied to any claims. *Defs.' App.* at 283. Plaintiffs sued the Defendants in Colorado, bringing claims under the Colorado Securities Act ("CSA"), and the Vermont, Illinois, and California securities acts, as well as claims for common law fraud, concealment, breach of fiduciary duty, negligence, and misrepresentation. Defendants moved to dismiss, claiming that Plaintiffs' filing in Colorado violated the forum selection clauses.

Plaintiffs argued in Colorado that the forum selection provisions were unenforceable on numerous public policy and legal grounds. Namely, Plaintiffs urged that Section 11-51-604(11) of the Colorado Securities Act voided the Texas forum selection provisions, and that the Colorado's Securities Commissioner's firm position was that out-of-state forum selection clauses in CSA cases are void. *Defs.' App.* at 287–316.

On October 7, 2009, the trial court granted Defendants' Motion to Dismiss the Colorado case, dismissing it without prejudice while holding that the forum selection clauses did not violate Colorado public policy and were enforceable. Plaintiffs appealed, and on May 11, 2011, the Colorado Court of Appeals reversed the trial court, holding that the forum selection clauses conflicted with the public policy expressed in the CSA, and its anti-waiver provision, and were therefore void. *See Mathers Family Trust v. Cagle*, 297 P.3d 943 (Colo. Ct. App. 2011), rev'd, 295 P.3d 460 (Colo. 2013). On February 4, 2013, the Colorado Supreme Court reversed the Court of Appeals and upheld the trial court's order of dismissal, finding the forum selection clauses enforceable and noting that Plaintiffs could have sought relief under the CSA in Texas, since "states routinely apply the securities laws of other states." 295 P.3d at 469–70.

Plaintiffs then filed this lawsuit in Texas, alleging, as they did in Colorado, that Defendants master-minded an investment scam to fraudulently induce Plaintiffs to invest millions of dollars with HEI, and then improperly handled their investments. *Resp.* at 1. Plaintiffs' admitted in their papers and at the hearing that all of their claims are barred unless the pendency of the Colorado action tolled limitations. *Resp.* at 4-7.

## II. STANDARD OF REVIEW

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must take the allegations in the complaint as true and resolve any ambiguities or doubts as to the claims' sufficiency in favor of the plaintiff. *Id.* at 362. "However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) (taking

judicial notice of public disclosure documents in a securities fraud case); s*ee also*, Fed. R. Evid.
201(f) ("Judicial notice may be taken at any stage of the proceeding."). Specifically, the "court
may take judicial notice of a document filed in another court to establish the fact of such
litigation and related filings." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 664–665
(N.D. Tex. 2011) (quoting *SB Int'l, Inc. v. P.R. Jindal*, No. 3:06-cv-1174-G, 2007 U.S. Dist.
LEXIS 34999 (N.D. Tex. May 14, 2007)). In light of the rulings in *Lovelace* and *Kaye*,
Defendants request that the Court take judicial notice of the Colorado filings.

Courts may take judicial notice of an "adjudicative fact" if the fact "is not subject to
reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial
court or (2) capable of accurate and ready determination by resort to sources whose accuracy
cannot be questioned." Fed. R. Evid. 201(b). Plaintiffs object to judicial notice only to the extent
that doing so would "inject issues of fact." *Resp.* at 1. Plaintiffs' concerns are unwarranted, as the
Court is not examining the Colorado court documents in order to rule on the underlying facts of
the claims, but rather to obtain the undisputed procedural history prior to this filing. The Court
thus takes judicial notice of the fact and content of the Colorado pleadings and the trial, appellate
and Supreme Court rulings. *Mathers v. HEI Res., Inc.*, No. 08CV2070 (Colo. Oct. 7, 2009), rev'd
*Mathers Family Trust v. Cagle* 297 P.3d 943, 944 (Colo. Ct. App. 2011), as modified on denial
of reh'g (June 16, 2011), cert. granted in part, 11SC496, 2011 WL 5040998 (Colo. Oct. 24,
2011) and rev'd, 2013 CO 7, 295 P.3d 460 (Colo. 2013).

The Court is sitting in diversity over non-federal claims under 28 U.S.C. § 1332. Each
Plaintiff invested in the joint ventures, and each Plaintiff signed an Application Agreement and a
Joint Venture Agreement. Both agreements contained a forum selection clause and choice of law

clause stating that Texas law applied to any claims. The forum selection provision in HEI's

Application Agreement states:

> Applicable Law. This Agreement will be construed according to the laws of the State of Texas and is deemed performable in the City of Dallas County, Texas. . . . The undersigned expressly consents and submits to the jurisdiction of said courts and to venue being in Dallas County, Texas.

*Defs.' App.* at 282-83. The forum selection provision in the Joint Venture Agreement states:

> Applicable Law. This Agreement and the application or interpretation hereof shall exclusively be governed by and construed in accordance with the laws of the State of Texas. . . . The Managing Venturer and each Venturer hereby expressly consents and submits to the jurisdiction of said courts and to venue being in Dallas County, Texas.

*Defs.' App.* at 283. As a result, the Court must apply Texas law on tolling for all of Plaintiff's

claims, whether based on common law or out-of-state statutes in Illinois, California, Colorado

and Vermont.

## III. ANALYSIS

### A.  Forum Selection Clauses

A forum selection clause is a contractual provision agreed to by private parties that

constitutes the parties' agreement as to the place where the parties will bring any litigation related

to the contract. Restatement (Second) of Conflict of Laws § 80 (1971); 14D Charles Alan Wright

& Arthur R. Miller, Federal Practice & Procedure § 3803.1 (3d ed.1998). Forum selection

clauses found in written contracts such as these are presumptively valid. *Carter v. Countrywide

Credit Industries, Inc.*, 362 F.3d 294, 299 (5th Cir. 2004); *Kevlin Services, Inc. v. Lexington

State Bank*, 46 F.3d 13, 15 (5th Cir. 1995).

### B.  Equitable Tolling

Plaintiffs request that the Court apply the common law doctrine of equitable tolling,

which "applies in situations where a plaintiff actively pursued his judicial remedies, but filed a

defective pleading during the statutory period, or where a complainant was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass." *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.). In the Court's view, the relevant case law does not support the application of equitable tolling to the instant facts.

As the Fifth Circuit characterized it, "Texas courts sparingly apply equitable tolling and look, *inter alia*, to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine 'to avoid the consequences of their own negligence.'" *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (quoting *Hand v. Stevens Transport, Inc.,* 83 S.W.3d 286, 293 (Tex. App.—Dallas 2002, no pet.)). The Court in *Myers* noted that federal courts are similarly sparse in their application of equitable tolling. *Id*. Traditionally, the doctrine of equitable tolling focuses primarily on "excusable ignorance of the limitations period." *Lehman v. United States,* 154 F.3d 1010, 1016 (9th Cir. 1998). The factors that must be considered in deciding whether to apply equitable tolling are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. *Hand*, 83 S.W.3d at 293 (citing *Jobe v. Immigration & Naturalization Serv.,* 238 F.3d 96, 100 n. 8 (1st Cir. 1999); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988)).

The Fifth Circuit has applied equitable tolling "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some other extraordinary way from asserting his rights." *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 357 (5th Cir. 2011) (per curiam) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Texas state courts have applied equitable tolling in cases of a good faith mistake by a plaintiff. *See Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 836 (Tex. App.—Austin 2003, pet. denied)

(tolling applies "[w]hen the wrong defendant is sued and the proper defendant is not named until after limitations has expired.") (citation omitted); *Jackson v. Univ. of Tex. Health Sci. Ctr. Police Dep't,* No. 04-03-00553-CV, 2004 WL 572330, at *3 (Tex. App.—San Antonio Mar. 24, 2004, no pet.) (mem. op.) (declining to apply equitable tolling because the court was "unpersuaded by Jackson's assertion that he 'mistakenly' filed his claim in the wrong court."); *Torres v. Johnson*, 91 S.W.3d 905, 909 (Tex. App.—Fort Worth 2002, no pet.) ("Courts will apply the equitable tolling doctrine in misidentification cases where applying the statute of limitations would not serve its legitimate purpose.").

The Court could not find any cases applying Texas law where a plaintiff's strategic choice of venue made in an attempt to gain a tactical advantage served as the basis for equitable tolling. In *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.), the trial judge in the 44th Judicial District Court granted the plaintiff's motion for nonsuit, dismissing the case without prejudice, but the plaintiff re-filed the next day in the 14th Judicial District Court. The second court granted the defendant's motion for summary judgment, holding that the statute of limitations had expired because the pendency of the first case did not toll limitations. The Court of Appeals affirmed, holding that "[t]aking a voluntary nonsuit for tactical advantage will not support an equitable extension of the limitations period." *Id.*

In asserting their right to equitable tolling, Plaintiffs point only to one case, *Clymore v. United States*, 217 F.3d 370 (5th Cir. 2000). *Clymore* involved a *pro se* former prisoner seeking damages under federal law for the seizure of personal property forfeited during his incarceration. *Id.* at 372–3. The Fifth Circuit held that federal, not state, tolling saved the plaintiff's claims because the federal statutes governing the venue for his action were so complicated that "even an experienced and able attorney would have had to guess as to the proper venue in which to bring

the claim." *Id*. at 375. One key issue in *Clymore* was that the district court dismissed Clymore's suit *with prejudice*, so Clymore could not file a second suit absent appellate relief. *Id.* at 376.

The facts of *Clymore* are materially different from those here. Plaintiffs are not *pro se* litigants lacking knowledge of the legal system, nor was their decision to sue in Colorado the result of a mistake. Plaintiffs are sophisticated litigants who made a strategic decision to disregard the forum selection clause that mandated Texas as the site for their litigation and instead to challenge the clause by filing in a Colorado court. Plaintiffs argue that the decision by the Colorado Court of Appeals proves that their legal challenge was viable, although it was ultimately unsuccessful. But Plaintiffs should have known their legal strategy in Colorado was risky, especially given the clarity of the forum selection clause and the initial dismissal by the Colorado trial court in 2009. Had Plaintiffs filed suit in Texas after the initial dismissal by the Colorado trial court, their claims would not have been barred by the statutes of limitation. Their failure to take prophylactic steps to protect themselves ran the risk, later realized, that they were thereby dooming their claims. Lastly, *Clymore* does not apply a Texas tolling analysis.

The Court is unconvinced by Plaintiffs' argument that the statutes of limitation should be disregarded because Defendants have been "aware" of Plaintiffs' claims for almost five years. The public policy behind the statute of limitations is an important one rooted in fairness. "Society's interest in repose is to have disputes either settled or barred within a reasonable time. It is based on the theory that the uncertainty and insecurity caused by unsettled claims hinder the flow of commerce*." Computer Associates Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996) (citations omitted). If a defendant's mere "awareness" of a plaintiff's claims in another forum constituted sufficient grounds to toll limitations, the reasoning behind the statute of

limitations would be fundamentally undermined. It is Plaintiffs who must establish a basis for tolling. Defendants' knowledge of Plaintiffs' claims does not establish such a basis.

C.   The Texas Savings Statute (CPRC § 16.064)

In a footnote to their Response and significantly at oral argument, Plaintiffs urged the Court to apply the Texas Savings Statute to toll limitations. *See* Resp. at 12 n. 4. The Texas Savings Statute suspends the running of the applicable statute of limitations for the period between the time one action is dismissed and the time the same action is re-filed in a different jurisdiction if (1) the original action was dismissed for lack of jurisdiction, and (2) the second action was commenced in the proper jurisdiction no later than the 60th day following the dismissal. Tex. Civ. Prac. & Rem. Code § 16.064. Notwithstanding those two elements, the statute "does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction." *Id.* at § 16.064(b). Plaintiffs do not meet the statutory requirements for § 16.064(b) to save their claims.

1.   Dismissal of the Colorado lawsuit on non-jurisdictional grounds.

To qualify for relief under the Texas Savings Statute, a plaintiff's original action must have been dismissed for lack of jurisdiction. Here, the Colorado trial court dismissed the lawsuit on the basis of the forum selection clause, not on the basis of personal or subject matter jurisdiction. *Defs.' App.* at 246 (dismissal order). "A forum selection clause does not deprive a trial court of jurisdiction . . . . In other words, a dismissal based upon a forum selection clause is not a dismissal for want of jurisdiction." *Welch v. Nightingale Nurses*, *LLC*, 2009 Tex. App. LEXIS 3822, *6 (Tex. App.—Amarillo 2009, pet. denied). Instead, such a dismissal is based upon an enforceable contractual agreement between the parties fixing exclusive jurisdiction in a specific location. *Id*. Therefore, Plaintiffs do not meet the first element of the two-part test.

2.   Plaintiffs' choice was strategic.

Plaintiffs *deliberately* challenged the forum selection clauses, with the result that the Texas savings statute does not apply. This is due to the exclusion in the statute, which states that the savings provisions are inapplicable if the first filing was made in intentional disregard of *proper* jurisdiction. Tex. Civ. Prac. & Rem. Code § 16.064(b). This is in contrast to the requirement in 16.064(a)(1), which applies when a trial court dismisses a case for lack of jurisdiction due to a good faith mistake by a plaintiff. *See Hotvedt v. Schlumberger Ltd.* (*N.V.*), 942 F.2d 294, 297 (5th Cir. 1991) (concluding that filing in wrong forum was not a result of good faith mistake, but rather was a tactical decision by plaintiffs' attorney, so that the savings clause did not apply). At oral argument, Plaintiffs cited to *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299 (Tex. 2010). There, the Texas Supreme Court noted that "while the tolling statute protects plaintiffs who mistakenly file suit in a forum that lacks jurisdiction, it does not apply to a strategic decision to seek relief from such a court—which is what happened here." *Id.* at 313. This, too, is such a case.

In *Budner v. Wellness Int'l Network, Ltd.*, No. 3:06-CV-0329-K, 2007 WL 806642 (N.D. Tex. Mar. 15, 2007), Judge Kinkeade faced similar facts and declined to apply the Texas Savings Statute. In *Budner*, the plaintiffs originally filed their securities lawsuit in Illinois federal court, in contravention of a forum selection clause. *Id.* at *6–7. Their challenge to the forum selection clause in Illinois was unsuccessful, and they re-filed their action in the contractually-designated forum, the Northern District of Texas. Judge Kinkeade granted the defendants' motion to dismiss, finding the plaintiffs' strategic decision to file the original lawsuit in Illinois was made with specific knowledge of, and in intentional disregard for, the contractual forum selection clause, with the result being that limitations were not tolled. The court concluded that "the

undisputed facts establish that the Texas savings statute does not apply . . . if the first filing was made in intentional disregard of proper jurisdiction." *Id.* at *7.  Here, as was true in *Budner*, Plaintiffs made a strategic decision to file the Colorado lawsuit in direct contravention of the forum selection clauses. Such tactical decisions are not protected by the Texas Savings Statute.

D.  Impediment to the Exercise of Legal Rights

Although Plaintiffs did not allude to this argument at the hearing, in their brief they argued that the Colorado lawsuit tolled limitations on their claims under the doctrine of "impediment to the exercise of legal rights." This argument is unpersuasive. A legal impediment tolls limitations for a second lawsuit when (1) the viability of the causes of action in the second suit necessarily depends upon the outcome of the first suit, and (2) the pursuit of a second suit prior to that outcome would be improper or result in judicial complications. *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos.*, 217 S.W.3d 653, 664 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). Courts apply the doctrine when plaintiffs file a different suit with claims entirely dependent upon the adjudication of other matters. *See, e.g.*, *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991) (statute of limitations on the malpractice claim against an attorney is tolled until all appeals on the underlying claim out of which the malpractice arose are exhausted, to prevent inconsistent litigation postures); *Cavitt v. Amsler*, 242 S.W. 246, 249 (Tex. Civ. App.—Austin 1922, writ dism'd) (tolling limitations on a suit for stock dividends during pendency of a suit to determine stock ownership); *Rogers v. Ricane Enterprises, Inc.*, 930 S.W.2d 157, 167 (Tex. App.—Amarillo 1996, writ denied) ("[A] statute of limitations is tolled for a second cause of action in instances where the viability of the second cause of action necessarily depends upon the outcome of the first case.").

Plaintiffs argue that the pendency of the Colorado appeal was a legal impediment to their filing suit in Texas, because the outcome of the Colorado proceedings affected the viability of any Texas cause of action. In other words, if the Colorado Supreme Court had affirmed the Court of Appeals and held the forum selection clauses unenforceable, the case would have proceeded to judgment in Colorado and there could have been no suit in Texas under *res judicata* principles. *Resp.* at 13. Even accepting that argument as true, this case is distinguishable from *Hughes, Cavitt* and *Rogers*. Those cases could not proceed until the underlying *facts* were established (stock ownership or malpractice) that made a lawsuit otherwise impossible. This case, in contrast, is the result of a strategic choice made by the Plaintiffs. Here, any possible legal impediment was elective and procedural, rather than necessary and factual, and that choice did not render a prophylactic alternative untenable.

Additionally, Plaintiffs argue that a timely-filed second suit in Texas would have been improper and resulted in "judicial complications" because of (a) the dominant jurisdiction rule, and (b) the requirement for Plaintiffs to adopt inconsistent positions regarding venue in the two lawsuits. *Resp.* at 13–14. Plaintiffs' attempt to use the dominant jurisdiction rule fails. The rule states that when suit would be proper in more than one county, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of courts in other counties. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *Curtis v. Gibbs, 511 S.W.2d 263, 267* (Tex. 1974). The rule does not apply to suits pending in two different *states*, a point repeated in the lone case cited by Plaintiffs. *See In re Sims*, 88 S.W.3d 297, 302 (Tex. App.—San Antonio 2002, orig. proceeding)*; accord In re Old Am. Cnty. Mut. Fire Ins. Co.,* 2012 WL 6699052 (Tex. App.—Austin Dec. 20, 2012, orig. proceeding) ("[D]ominant jurisdiction does not apply to suits

filed in other states. . . . Instead, the proper course of action is for the first-filing party to seek a stay. . .").

Similarly, Plaintiffs' argument regarding the potential for inconsistent litigation postures fails. The Court did not find, nor did Plaintiffs cite, any cases applying Texas law that support the granting of relief in this case. In *Murphy v. Campbell*, 964 S.W.2d 265 (Tex. 1996), the Texas Supreme Court expressly limited the legal impediment doctrine to the context of attorney malpractice cases. The *Murphy* court also stated that plaintiffs faced with limitations concerns because of potentially inconsistent positions in two separate actions should file a separate suit within the applicable limitations period and then request that the second suit be abated pending the outcome of the first action. *Id.* at 272. Plaintiffs took no such steps here, nor did they choose to file in Colorado federal court, from which they might have sought and obtained a transfer under 28 U.S.C. § 1404, rather than a non-tolling dismissal. They now reap the consequences of their strategic decision.

## IV. CONCLUSION

Defendants' Motions to Dismiss under Rule 12(b)(6) are **GRANTED**. Plaintiffs' claims are barred by limitations because they were not tolled by the pendency of the Colorado action. Plaintiffs' claims are thus **DISMISSED with prejudice**.

Additionally, Defendant Joel Held filed a Motion to Dismiss under Rule 9(b) [Docket Entry #13], joined by Defendants John Schiffner [Docket Entry #26] and Martin Harper [Docket Entry #55]. This Motion to Dismiss under Rule 9(b) is **DENIED as moot**.

**SO ORDERED**.

July 8, 2013.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS